IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN HAMPTON ANDERSON,

    Petitioner,

v.                                      CASE NO. 1:08-cv-13-MMP-AK

JAMES R. MCDONOUGH,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This habeas matter is before the Court on Doc. 5, amended petition for writ of habeas corpus, by John Hampton Anderson. Having carefully considered the matter, the Court recommends that the instant petition be denied as untimely.

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Only subsection (A) is at issue in this case.

On April 20, 1999, Petitioner was sentenced to three concurrent life sentences plus 30 years as an habitual violent offender. Doc. 5. His sentence was affirmed on August 23, 2000. *Anderson v. State*, 767 So.2d 1203 (Fla. Dist. Ct. App. 2000). His conviction therefore became

final 90 days thereafter on November 21, 2000, *see Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and the one-year statute of limitations began to run at that time.  The one-year period expired on November 21, 2001.

Though a properly filed motion for post-conviction relief will toll the one-year filing period, *id*. at § 2244(d)(2), Petitioner did not seek post-conviction relief in state court until June 12, 2002.  By that time, the statute of limitations for seeking relief in this Court had expired by almost eight months, and nothing Petitioner did in state court after the expiration of the statute of limitations serves to revive the time for filing here.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus, Doc. 5, be **DENIED** and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  **2nd**  day of April, 2008.

<u>*s/ A. KORNBLUM*</u>
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**